UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO.: 1:26-CV-25729-DSL**

UNITED COMMUNITY BANK,
a South Carolina banking corporation,

Plaintiff,
v.

MG DEVELOPER MIAMI, LLC.,
a Florida limited liability company,
ALIRIO J. TORREALBA GONZALEZ,
individually, SEVILLA 208 LLC.,
a Florida limited liability company,
DORYS MARTIN GONZALEZ, individually,
FOUNTAINVIEW MANOR CONDOMINIUM, INC.,
a Florida not for profit corporation,

Defendants.
_________________________________________/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT**

Defendants MG Developer Miami, LLC ("MG"), Alirio J. Torrealba Gonzalez ("Mr. Torrealba"), Sevilla 208 LLC ("Sevilla"), Dorys Martin Gonzalez ("Ms. Martin") (collectively, the "Loan Parties"), and Fountainview Manor Condominium, Inc. (the "Association," and together with the Loan Parties, "Defendants"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 8 and 12, answer the Verified Complaint [ECF No. 1] (the "Complaint") filed by Plaintiff United Community Bank ("UCB") and assert their affirmative defenses as follows.

The numbered paragraphs below correspond to the numbered paragraphs of the Complaint. Any allegation not expressly admitted is denied. Headings and the unnumbered introductory paragraph of the Complaint are not allegations requiring a response; to the extent a response is required, they are denied. Capitalized terms defined in the Complaint are used for convenience

only, and their use is not an admission of any characterization embedded in the definition. Where Defendants admit that a document was executed, they admit only its execution and that a copy is attached to the Complaint as identified, and deny any characterization of the document's terms, legal effect, or enforceability.

The Association is a nominal defendant, joined only because it may claim an interest in the Sevilla Property (Compl. ¶ 47). It is not a party to any Loan Document. Admissions in paragraphs 1 through 51 are made by the Loan Parties only, except that the Association joins in the admissions in paragraphs 9 and 10 and makes its own response in paragraph 47. As to every other allegation, the Association is without knowledge sufficient to form a belief about its truth and therefore denies it under Federal Rule of Civil Procedure 8(b)(5).

**PARTIES, JURISDICTION, AND VENUE**

1. Admitted that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). Denied that UCB is entitled to any relief.
2. Admitted that UCB purports to seek the relief described in paragraph 2 and that Sevilla holds title to the real property described in paragraph 2(b). Defendants are without knowledge as to the priority and perfection of UCB's claimed security interest in MG's personal property, and therefore deny those allegations. Denied that UCB is entitled to foreclose on any property.
3. Admitted that UCB purports to seek damages. Denied that UCB is entitled to damages.
4. Without knowledge, and therefore denied.
5. Admitted.
6. Admitted.
7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted that venue is proper in this District. Otherwise denied.

## GENERAL ALLEGATIONS

11. Admitted that MG executed the Commercial Card Program Authorization and Agreement attached as Exhibit A on or about February 11, 2026, and that UCB made a purchase-card credit line available to MG. Otherwise denied.

12. Admitted that, on or about January 23, 2026, MG executed the documents attached as Exhibits B through J, and that Mr. Torrealba executed the Promissory Notes attached as Exhibits C, F, and I. Denied that Mr. Torrealba granted UCB a security interest in any of his property; the Commercial Security Agreements identify MG's business assets as the collateral. Denied that the original principal amounts stated in the revolving Promissory Notes reflect the amounts advanced or outstanding. Otherwise denied.

13. Admitted, upon information and belief, that UCB filed the UCC-1 Financing Statements attached as Exhibits K, L, and M on or about February 10, 2026. The allegation that the filings perfected UCB's security interest is a legal conclusion to which no response is required; to the extent a response is required, it is denied.

14. Paragraph 14 contains definitions to which no response is required. To the extent a response is required, denied.

15. Admitted that, on or about April 27, 2026, Sevilla executed the documents attached as Exhibits N, O, P, and Q, that Mr. Torrealba executed, and, upon information and belief, that the Sevilla Mortgage and Assignment of Rents were recorded as alleged. Otherwise denied.

16. Admitted that Ms. Martin executed the Guaranty Agreement attached as Exhibit R. Denied as to UCB's characterization of the Guaranty's scope. Otherwise denied.

17. Paragraph 17 contains definitions to which no response is required. To the extent a response is required, denied.

18. Denied that any Event of Default occurred or is continuing under the Loan Documents. As to the subparagraphs:

    (a) Admitted that MG did not pay the full amount of the June 12, 2026 statement by its due date. Denied that this constituted a continuing default. MG paid $350,000.00 toward the P-Card Facility, as UCB acknowledges in paragraph 20, and paid the remaining balance in full. Otherwise denied.

    (b) Denied. Defendants further state that the P-Card balance has been paid in full, so no failure to perform under any agreement between UCB and MG exists.

    (c) Denied. Mr. Torrealba has not defaulted under any agreement with a third-party creditor that materially affects his or MG's ability to repay the G-RLOC Loans. The filing of a lawsuit is not a default; it is an unproven allegation. As the Complaint concedes, the Post Road action was voluntarily dismissed with prejudice. The S.I. Munich action is a disputed, unadjudicated claim in which no judgment has been entered.

    (d) Denied. Sevilla is not a party to either of the Lawsuits.

    (e) Denied.

    (f) Denied.

19. Denied that any Event of Default occurred to trigger the cross-default provisions described in paragraph 19. The remaining allegations characterize the Sevilla Mortgage and Sevilla

Loan Agreement, and are denied to the extent inconsistent with those documents' terms. Defendants further state that, upon information and belief, all payments due under the Sevilla Note were timely made and the Mortgage Loan was not in payment default when UCB purported to accelerate it.

20. Admitted that UCB sent the letter dated July 28, 2026 attached as Exhibit S, and that MG thereafter paid $350,000.00 toward the P-Card Facility. Denied that any default existed that permitted acceleration, and denied that UCB's purported acceleration was valid or effective. Defendants further state that MG has since paid the P-Card Facility in full. Otherwise denied.

21. Without knowledge as to UCB's current ownership and possession of the original instruments, and therefore denied.

22. Without knowledge as to UCB's fee arrangement with its counsel, and therefore denied. Denied that UCB is entitled to recover attorneys' fees from Defendants.

23. Denied. Pursuant to Federal Rule of Civil Procedure 9(c), Defendants specifically deny that the following conditions precedent occurred or were waived:

    (a) The Business Loan Agreements for the G-RLOC Loans contain a "Right to Cure" provision under which a curable, non-payment default may be cured after UCB sends written notice demanding cure. Each default alleged as to the G-RLOC Loans is a non-payment default under those loans. UCB never sent a written notice demanding cure. Instead, its July 28, 2026 letter declared an immediate acceleration. The predicate default, MG's P-Card balance, has since been cured by payment in full.

    (b) The Sevilla Loan Agreement requires written notice and an opportunity to cure

before a covenant default under Section 6.01(e) matures into an Event of Default. UCB filed this action on August 21, 2026, only 24 days after its July 28, 2026 letter, and before any applicable cure period expired.

(c) UCB did not make the demand on Ms. Martin required under the Guaranty before suing her.

**Count I – Breach of P-Card Agreement against MG**

24. Defendants reassert their responses to the paragraphs incorporated into paragraph 24.

25. Admitted that UCB purports to seek damages against MG. Denied that UCB is entitled to any relief.

26. Denied.

27. Denied.

28. Denied. MG has paid the P-Card Facility in full, and nothing remains owing under the P-Card Agreement.

**Count II – G-RLOC Note No. 1**

29. Defendants reassert their responses to the paragraphs incorporated into paragraph 29.

30. Admitted that UCB purports to seek damages against MG and Mr. Torrealba. Denied that UCB is entitled to any relief.

31. Denied. Defendants specifically deny that $1,500,000.00 in principal is outstanding under G-RLOC Note No. 1, and deny that the note was validly accelerated.

**Count III – G-RLOC Note No. 2**

32. Defendants reassert their responses to the paragraphs incorporated into paragraph 32.

33. Admitted that UCB purports to seek damages against MG and Mr. Torrealba. Denied that UCB is entitled to any relief.

34. Denied. Defendants specifically deny that $990,029.11 in principal is outstanding under G-RLOC Note No. 2, and deny that the note was validly accelerated.

**Count IV – G-RLOC Note No. 3**

35. Defendants reassert their responses to the paragraphs incorporated into paragraph 35.
36. Admitted that UCB purports to seek damages against MG and Mr. Torrealba. Denied that UCB is entitled to any relief.
37. Denied. Defendants specifically deny that $209,970.89 in principal is outstanding under G-RLOC Note No. 3, and deny that the note was validly accelerated.

**Count V – Foreclosure of Security Interests against MG and Mr. Torrealba**

38. Defendants reassert their responses to the paragraphs incorporated into paragraph 38.
39. Admitted that UCB purports to seek foreclosure of its claimed security interest. Denied that Mr. Torrealba granted any security interest in the Collateral or that this Count states any claim against him. Denied that UCB is entitled to any relief.
40. Denied.

**Count VI – Sevilla Note against Sevilla and Mr. Torrealba**

41. Defendants reassert their responses to the paragraphs incorporated into paragraph 41.
42. Admitted that UCB purports to seek damages against Sevilla and Mr. Torrealba. Denied that UCB is entitled to any relief.
43. Denied. Defendants specifically deny that the Sevilla Note was validly accelerated.

**Count VII – Foreclosure of Sevilla Mortgage**

44. Defendants reassert their responses to the paragraphs incorporated into paragraph 44.
45. Admitted that UCB purports to seek foreclosure of the Sevilla Mortgage. Denied that UCB is entitled to any relief.

46. Denied.

47. The Association admits that it holds an interest in the Sevilla Property under the Declaration and Chapter 718, Florida Statutes, and that the Declaration was recorded as alleged. The Association denies that its interest is inferior to the lien of the Sevilla Mortgage except to the extent provided in section 718.116, Florida Statutes, and denies that the Declaration's covenants and restrictions may be extinguished by foreclosure. The Loan Parties admit, upon information and belief, that the Declaration was recorded as alleged, are without knowledge as to the nature and priority of the Association's interest, and therefore deny the remaining allegations.

48. Denied.

**Count VIII – Guaranty against Ms. Martin**

49. Defendants reassert their responses to the paragraphs incorporated into paragraph 49.

50. Admitted that UCB purports to seek recovery against Ms. Martin. Denied that UCB is entitled to any relief.

51. Denied.

## PRAYER FOR RELIEF

Defendants deny that UCB is entitled to any of the relief requested in the unnumbered "Prayer for Relief" paragraph, including subparagraphs I through IX.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that the law places on UCB, Defendants assert the following defenses. The Loan Parties assert the First through Eighth Defenses, and the Association asserts the Ninth Defense. The common facts below apply to each of the Loan Parties' defenses and are incorporated into each.

**Common facts.**

UCB's entire case rests on a single missed payment under a purchase-card program extended to MG, a separate credit facility from the G-RLOC Loans and the Mortgage Loan. The P-Card statement balance was due June 12, 2026. MG paid $350,000.00 after UCB's July 28, 2026 letter, and paid the remaining balance in full. Upon information and belief, every scheduled payment under the three G-RLOC Notes and the Sevilla Note was made when due, before and after UCB's purported acceleration. The Sevilla Mortgage was recorded on May 14, 2026, roughly two months before UCB declared it in default. The only other conduct UCB cites is the filing of two lawsuits against Mr. Torrealba as a guarantor of third-party loans. One was dismissed with prejudice, and the other remains an unadjudicated claim that Mr. Torrealba disputes.

**First Defense – Payment (Count I)**

MG has paid all amounts due under the P-Card Agreement. UCB acknowledges the $350,000.00 payment in paragraph 20 of the Complaint, and MG paid the remaining $139,438.52 balance. Nothing remains owing under the P-Card Agreement, and UCB cannot recover on Count I.

**Second Defense – Failure to Provide Contractual Notice and Opportunity to Cure (All Counts)**

The Business Loan Agreements for the G-RLOC Loans and the Sevilla Loan Agreement give the borrower a right to cure non-payment defaults after UCB sends written notice demanding cure. Every default UCB alleges under the G-RLOC Loans and the Mortgage Loan is a non-payment default under those loans: a cross-default from the P-Card Facility, the filing of third-party lawsuits, a notice covenant, and UCB's claimed insecurity. UCB never sent a written notice demanding cure. Its July 28, 2026 letter declared an immediate acceleration, and UCB sued 24

days later. Because UCB did not satisfy these conditions, its acceleration was premature and ineffective. In any event, the predicate P-Card default has now been cured by payment in full.

**Third Defense – No Good-Faith Basis for Insecurity or Adverse-Change Acceleration (Counts II–V)**

Under section 671.208, Florida Statutes, a lender may accelerate "at will" or upon insecurity only if it in good faith believes that the prospect of payment or performance is impaired. UCB also owes Defendants the duty of good faith and fair dealing implied in every Florida contract. UCB lacked a good-faith basis to invoke the "Insecurity" and "Adverse Change" provisions of the G-RLOC Loan Documents. Payments on the G-RLOC Loans were current. The P-Card shortfall was a temporary, partially paid balance on a separate facility, and it has been paid in full. The Lawsuits were unadjudicated claims, and one had already been dismissed with prejudice. UCB's acceleration therefore was not authorized.

**Fourth Defense – Waiver (All Counts)**

After purporting to accelerate on July 28, 2026, UCB accepted MG's $350,000.00 payment and later accepted payment of the remaining P-Card balance. By accepting these payments with knowledge of the claimed defaults, UCB waived those defaults and its purported acceleration.

**Fifth Defense – Equitable Bar to Acceleration and Foreclosure (Counts V and VII)**

Foreclosure is an equitable remedy. A court of equity may refuse to enforce an acceleration and foreclosure where the default is technical, has been cured, and acceleration would be inequitable or unconscionable. Foreclosing the Sevilla Mortgage and MG's business assets would be inequitable here. No payment was missed on the Mortgage Loan or the G-RLOC Loans. The sole monetary default occurred on a different facility and has been paid in full. The non-monetary defaults rest on lawsuits that prove nothing, one of which has been dismissed with prejudice. And

the Mortgage Loan was only months old when UCB declared it in default on the basis of events that did not involve Sevilla at all.

**Sixth Defense – Setoff, Credit, and No Double Recovery (All Counts)**

Defendants are entitled to credit and setoff for every payment made under the Loan Documents, including the $350,000.00 payment and the subsequent payoff of the P-Card Facility. UCB seeks the full original face amounts of three revolving notes without alleging the amounts actually advanced and unpaid, and any judgment must be limited to the amounts actually outstanding. UCB also seeks overlapping recoveries for the same indebtedness: damages on the Notes, foreclosure of the collateral, deficiency judgments, and recovery on the Guaranty. UCB may recover the same debt only once.

**Seventh Defense – Failure to State a Claim Against Mr. Torrealba (Count V)**

Count V seeks to foreclose a security interest in the Collateral against Mr. Torrealba. The Commercial Security Agreements grant a security interest only in MG's business assets. Mr. Torrealba did not grant a security interest in any of his property, and Count V fails to state a claim against him.

**Eighth Defense – Guarantor's Liability Is Derivative (Count VIII)**

Ms. Martin guaranteed only the Mortgage Loan. Her liability under the Guaranty is no greater than the liability of Sevilla and Mr. Torrealba under the Mortgage Loan Documents. Because no valid Event of Default or acceleration occurred under the Mortgage Loan, for the reasons stated in the defenses above, nothing is due under the Guaranty. Ms. Martin also adopts every defense available to the principal obligors.

**Ninth Defense – Association's Rights Under the Declaration and Chapter 718 (Count VII) (Association Only)**

The Association's interest in the Sevilla Property arises under the Declaration recorded in Official Records Book 10346, Page 1416, and under Chapter 718, Florida Statutes. The Declaration's covenants and restrictions run with the land and are not extinguished by foreclosure of the Sevilla Mortgage. Any judgment of foreclosure and any sale must therefore be made subject to the Declaration.

Any priority of the Sevilla Mortgage over the Association's interest is limited by section 718.116, Florida Statutes. Under section 718.116(1)(a), a purchaser at the foreclosure sale, other than the first mortgagee, is jointly and severally liable with the prior owner for all unpaid assessments that came due up to the transfer of title. If UCB or its successor or assignee acquires title, its liability for unpaid assessments is governed by section 718.116(1)(b). In all events, the owner of Unit 208 following the sale is liable for all assessments coming due while it holds title.

Defendants reserve the right to seek leave to amend these defenses under Federal Rule of Civil Procedure 15 as discovery proceeds.

**WHEREFORE**, the Loan Parties respectfully request that the Court enter judgment in their favor on all counts of the Complaint, deny UCB all relief requested, award Defendants their reasonable attorneys' fees and costs under the fee provisions of the Loan Documents and section 57.105(7), Florida Statutes, and grant such further relief as the Court deems just and proper.

**WHEREFORE**, the Association respectfully requests that any final judgment of foreclosure (a) be expressly subject to the Declaration and its covenants and restrictions; (b) preserve the Association's rights under section 718.116, Florida Statutes, including the liability of the purchaser at sale, or of UCB if it acquires title, for assessments as provided in that section; (c) direct payment from any surplus proceeds of unpaid assessments owed for Unit 208; and award

the Association its reasonable attorneys' fees and costs, together with such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

**Dated: October 2, 2026**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was electronically filed via CM/ECF this 2nd day of October 2026, and a courtesy copy of the foregoing furnished via email to all counsel of record.

Respectfully submitted,

**AFFILIATED LAWYERS, P.L.L.C.**
*Attorneys for Defendants*
2601 S. Bayshore Dr., 18th Floor
Coconut Grove, Florida 33133
Tel.: 305-374-0473
E-mail: al@affiliatedlawyers.com
cm@affiliatedlawyers.com

BY: /s/ Armando A. Luis
ARMANDO A. LUIS
Fla. Bar No.: 1011037